**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SAMANTHA MURPHY,<br>*Plaintiff*,<br>v.<br>GEORGETOWN UNIVERSITY, *et al.*<br>*Defendants*. | Civil Action No. 25 - 2995 (LLA) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Samantha Murphy, proceeding pro se, brings this action against Georgetown University and the Georgetown University Law Center for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et. seq.*, and the Rehabilitation Act, 29 U.S.C. § 701 *et. seq*. ECF No. 1.[1] The Clerk of Court has entered default against Georgetown University, ECF No. 4, and Georgetown has moved to set aside the default, ECF No. 5.[2] For the reasons explained below, the court grants Georgetown's motion, sets aside the default, and directs Ms. Murphy to effect proper service on or before October 13, 2026 or risk dismissal of the action.

---

[1] When citing ECF No. 1, the court refers to the CM/ECF-generated numbers at the top of each page rather than any internal pagination.

[2] Georgetown University maintains that the Georgetown University Law Center is not a separate entity capable of being sued in its own name. ECF No. 5-1, at 1 n.1. Ms. Murphy appears to agree, alleging in her complaint that "Georgetown University Law Center is a constituent division of Georgetown University." ECF No. 1 ¶ 21. Ms. Murphy sought a default against only Georgetown University. ECF No. 3-1, at 2 (Ms. Murphy's declaration in support of her motion for entry of a default against Georgetown University); *see* ECF No. 4 (Clerk of Court's entry of a default against Georgetown University). Accordingly, the court will refer to Defendant as "Georgetown University" or "Georgetown" throughout this opinion.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In considering the facts supporting a motion to set aside a default, "all doubts are resolved in favor of the party seeking relief." *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980). At the same time, because Ms. Murphy is proceeding pro se, the court must liberally construe her pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This liberal construction "is not, however, a license to ignore the Federal Rules of Civil Procedure." *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009).

In September 2025, Ms. Murphy filed suit alleging that Georgetown University Law Center's lack of a test-optional admissions policy for full-time admission disadvantages neurodivergent candidates like herself in violation of the ADA and the Rehabilitation Act. ECF No. 1, at 14. Later that month, Ms. Murphy attempted to personally serve Georgetown by certified mail, return receipt requested, to the university's registered agent, Adam Adler. ECF No. 3-1, at 2; *see* ECF No. 2. An individual named Ricardo Jordan signed for delivery of the service package. ECF No. 3-1, at 3. After Georgetown failed to respond to the complaint within twenty-one days, Ms. Murphy moved for a default judgment pursuant to Federal Rule of Civil Procedure 55(b). ECF No. 3. Because the Clerk of Court's entry of a default under Rule 55(a) is a prerequisite to a request for a default judgment under Rule 55(b), the Clerk of Court construed Ms. Murphy's motion as one for entry of a default under Rule 55(a) and accordingly entered a default against Georgetown. *See* ECF No. 4. Georgetown subsequently moved to set aside the entry of default under Rule 55(c), arguing that it had not been properly served. ECF No. 5. Ms. Murphy opposes the motion. ECF No. 8.

## II. LEGAL STANDARD

Generally, "federal policy favor[s] trial over default judgment," *Whelan v. Abell*, 48 F.3d 1247, 1258 (D.C. Cir. 1995), and Federal Rule of Civil Procedure 55(c) allows a district court to vacate "an entry of default for good cause," Fed. R. Civ. P. 55(c). In evaluating whether a movant has established "good cause," the court considers three factors: "whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense [i]s meritorious." *Keegel v. Key W. & Caribbean Trading Co.*, 627 F.2d 372, 373 (D.C. Cir. 1980); *see Khochinsky v. Republic of Poland*, 1 F.4th 1, 7 (D.C. Cir. 2021) (same). This standard "entrusts the determination to the discretion of the court," *Gilmore v. Palestinian Interim Self-Gov't Auth.*, 843 F.3d 958, 966 (D.C. Cir. 2016) (quoting 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2694 (3th ed. 2016)), and "[n]o single factor is dispositive," *Mohammad Hilmi Nassif & Partners v. Republic of Iraq*, No. 17-CV-2193, 2020 WL 1444918, at *20 (D.D.C. Mar. 25, 2020).

## III. DISCUSSION

Georgetown contends that the court should set aside the Clerk's entry of default because Ms. Murphy failed to properly effect service on it. ECF No. 5-1, at 3-5. The court agrees. First, in the absence of proper service, Georgetown's failure to respond to the complaint could not have been willful. Next, given the early stage of the case, Ms. Murphy will not be prejudiced by setting aside the default, giving her the opportunity to effect proper service, and allowing Georgetown to respond to the merits of her complaint. Finally, Georgetown has raised a meritorious defense. Because all three factors under Rule 55(c) support Georgetown, the Clerk's entry of default must be set aside.

**A. Willfulness**

A defendant who is not properly served with a summons and a copy of the complaint has no obligation to respond. *Scott v. District of Columbia*, 598 F. Supp. 2d 30, 36 (D.D.C. 2009) (explaining that "a defendant's obligation to respond to a complaint arises only upon service of the summons and complaint"). To support entry of a default under Rule 55(a), Ms. Murphy "has the burden of proving proper service." *Myeress v. ProAm Dance Team NYC LLC*, No. 18-CV-109, 2019 WL 1011336, at *3 (D.D.C. Mar. 4, 2019). To do so, she must "provide[] adequate evidence that [she] properly served the defendant" according to the relevant portions of Rule 4. *Radiant Glob. Logistics, Inc. v. Am. Indep. Distillery Coop., LLC*, No. 20-CV-3239, 2021 WL 5416633, at *3 (D.D.C. Nov. 19, 2021). Ms. Murphy has failed to carry this burden.

Under Federal Rule of Civil Procedure 4, which governs service of process, a defendant must be served with a summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1). A corporation like Georgetown University that is in a judicial district in the United States may be served:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

*Id.* 4(h)(1). Under Rule 4(e)(1), an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *Id.* R. 4(e)(1).

Critically, while "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person

who makes service," *id.* R. 4(c)(1), the plaintiff may not effect service herself. Instead, absent circumstances not applicable here, *see id.* R. 4(c)(3), only a "person who is at least 18 years old *and not a party* may serve a summons and complaint," *id.* R. 4(c)(2) (emphasis added). That limitation remains even when the plaintiff is seeking to serve a corporate defendant under Rule 4(e)(1)'s provision for service in accordance with District of Columbia law, as Ms. Murphy purported to do here. ECF No. 8, at 4. As courts in this jurisdiction have explained, "Rule 4(c)(2) specifies *who* is permitted to effect service even when a party effects service in a *manner* permitted by state law pursuant to Rule 4(e)(1)." *Johnson-Richardson v. Univ. of Phoenix*, 334 F.R.D. 349, 356 (D.D.C. 2020). Put another way, "Federal Rule of Civil Procedure 4 does not permit a party, like [Ms. Murphy], to personally serve a summons and complaint, even if the party is permitted to do so under the relevant state law." *Id.* at 357; *see Skewes-Cox v. Georgetown Univ. L. Ctr.*, No. 22-CV-818, 2024 WL 939979, at *2-3 (D.D.C. Mar. 5, 2024) (same), *aff'd*, No. 24-5065, 2025 WL 1099211 (D.C. Cir. Apr. 14, 2025) (per curiam). Accordingly, even if Ms. Murphy was permitted to serve Georgetown by certified mail under the D.C. Superior Court Rules of Civil Procedure, she could not personally do the certified mailing consistent with Federal Rule 4(c)(2). *Olson v. Fed. Election Comm'n*, 256 F.R.D. 8, 10 (D.D.C. 2009) (explaining that "[Federal] Rule 4(c)(2) is violated when a plaintiff personally attempts to serve a defendant . . . by mail" and collecting cases); *Skewes-Cox*, 2024 WL 939979, at *3 (finding that a plaintiff's attempt to effect service himself, even when he used a third-party mailing service, did not comply with Federal Rule 4(c)(2)); *Busby v. Capital One, N.A.*, 932 F. Supp. 2d 114, 128 (D.D.C. 2013) (holding that

a plaintiff failed to comply with Federal Rule 4(c)(2) when she mailed the service package herself).[3]

Georgetown is correct that Ms. Murphy's admission that she "personally mailed [the service] documents," ECF No. 2, at 1—an admission that is corroborated by the mailing receipt, which lists her name with the return address, ECF No. 3-1, at 5—is fatal to her claim of valid service. *See Walker v. Pharm. Rsch. & Mfrs. of Am.*, 569 F. Supp. 2d 209, 214 (D.D.C. 2008) (holding that return receipts showing "that the plaintiff herself sent the summons and complaint" contravened Rule 4(c)(2)). And, Ms. Murphy's failure to properly effect service means that Georgetown was under no obligation to respond to the complaint and thus its failure to do so was not willful. *See Foster, Murphy, Altman & Nickel, PC v. Ascletis Pharma, Inc.*, No. 23-CV-3415, 2024 WL 2701073, at *1 (D.D.C. Feb. 13, 2024) (finding "no indication" of the defendants' "willful disregard for their legal responsibilities" where service was improper, "particularly given that [the defendants had] moved to vacate promptly after [the] plaintiff [had] filed its motion for default judgment"); *Mohammad Hilmi Nassif & Partners*, 2020 WL 1444918, at *20 (explaining that "courts have refused to find willfulness where service of process was defective"); *Void-El v. O'Brien*, 811 F. Supp. 2d 255, 259 (D.D.C. 2011) (holding that "[t]he default was not willful where Defendants, not having been served, had no duty to respond").

---

[3] In any event, the court is skeptical that Ms. Murphy could personally serve by certified mail under the D.C. Superior Court Rules of Civil Procedure. D.C. Superior Court Civil Rule 4(c)(2), like its federal counterpart, provides that "[a]ny person who is at least 18 years of age *and not a party* may serve a summons and complaint." D.C. Super. Ct. Civ. R. 4(c)(2) (emphasis added). And while D.C. Superior Court Civil Rule 4(c)(4) permits service by registered or certified mail in certain circumstances, allowing a plaintiff to effect service by mail herself would render D.C. Superior Court Civil Rule 4(c)(2)'s prohibition on personal service a nullity. *See Busby*, 932 F. Supp. 2d at 128 (explaining that the plaintiff's attempt to serve by mail under D.C. Superior Court Civil Rule 4(c)(4) contravened the prohibition on personal service under D.C. Superior Court Civil Rule 4(c)(2)).

In response, Ms. Murphy concedes that she did not comply with Rule 4(c)(2)'s "specific language," but she asks the court to follow the "substantive purpose of Rule 4" and excuse her defective service. ECF No. 8 ¶ 5. This court has no authority to disregard the plain text of Rule 4. *See Johnson-Richardson*, 334 F.R.D. at 356 (determining that "Rule 4(c)(2) would serve no function at all" without the restrictive meaning of its unambiguous language); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that the "plain text of Rule 4" controls a plaintiff's "burden" to prove proper service).

Nor can the court excuse Ms. Murphy's failure to effect proper service due to her pro se status, because Rule 4(c)(2)'s prohibition on service by a party to the action applies equally to pro se plaintiffs. *Cornish v. United States*, 885 F. Supp. 2d 198, 204-05 (D.D.C. 2012) (finding that no "latitude [was] warranted" for a pro se litigant who "personally tried to serve" two defendants through the mail); *Reading v. United States*, 506 F. Supp. 2d 13, 19 (D.D.C. 2007) (holding that "Rule 4 is not so wide in scope as to encompass the notion of a plaintiff (even one proceeding *pro se*) effectuat[ing] service by Certified Mail via the Post Master General" (alteration in original) (internal quotation marks omitted)). Accordingly, Ms. Murphy's pro se status does not alter the court's conclusion that Ms. Murphy failed to comply with Rule 4(c)(2). *See Sturdza*, 658 F. Supp. 2d at 137.

Finally, Ms. Murphy fares no better by asserting that Georgetown received "actual notice" of the summons and a copy of the complaint. ECF No. 8 ¶¶ 12-13. "The law is clear and mandates that there be strict compliance to Rule 4(h) and it is irrelevant whether or not [Georgetown] had actual notice of the lawsuit." *Baade v. Price*, 175 F.R.D. 403, 405 (D.D.C. 1997). Ultimately,

because Georgetown had no obligation to respond to a complaint that was not properly served, its default was not willful and the first Rule 55(c) factor favors setting aside the default.[4]

**B. Prejudice**

When assessing prejudice, "courts consider the possible, tangible harms that may flow from a party's delayed appearance in the case, including the 'loss of evidence, increased difficulties of discovery, and an enhanced opportunity for fraud or collusion.'" *Flanagan v. Islamic Republic of Iran*, 190 F. Supp. 3d 138, 159 (D.D.C. 2016) (quoting *Gilmore v. Palestinian Interim Self-Gov't Auth.*, 675 F. Supp. 2d 104, 110 (D.D.C. 2009), *aff'd*, 843 F.3d 958). Georgetown, as the party seeking relief, has "the burden to show that setting aside the default judgment will pose no prejudice" to Ms. Murphy. *Id*. Here, Georgetown has met its burden and established that Ms. Murphy will not be prejudiced by setting aside the default.

To begin, this case "is still in its early stages" and "[t]he parties have not engaged in discovery." *Baade*, 175 F.R.D. at 406 (finding no prejudice in setting aside a default early in the litigation). Ms. Murphy moved for entry of a default shortly after Georgetown did not respond to her attempt at effecting service. ECF No. 3. Georgetown then filed its set-aside motion within days after the Clerk entered the default. ECF No. 5. Next, aside from the lack of prejudice due to the early posture of the case, a "[p]laintiff is not prejudiced where [she] did not comply with the Federal Rules." *Void-El*, 811 F. Supp. 2d at 259. As the court has explained, *see supra* Section III.A, Ms. Murphy failed to comply with Rule 4(c)(2). Finally, Ms. Murphy does not

[4] Georgetown separately argues that service was improper because the service package was not signed by someone authorized to accept service on the university's behalf. ECF No. 5-1, at 4. The court need not reach this argument because Ms. Murphy's attempt at personal service rendered it defective regardless of who ultimately signed the return receipt.

argue that she would be prejudiced by setting aside the default. *See generally* ECF No. 8; *see also* *Baade*, 175 F.R.D. at 406 (noting that the plaintiff's failure to argue prejudice favored setting aside the default). Accordingly, the second Rule 55(c) factor warrants setting aside the default.

### C. Meritorious Defense

As for the final consideration under Rule 55(c)—whether the defendant has a meritorious defense—Georgetown must only show a "hint of a suggestion," which, if "proven at trial, would constitute a complete defense" to Ms. Murphy's claims. *Keegel*, 627 F.2d at 374 (internal quotation marks omitted). Here, Georgetown has met this low burden by arguing that Ms. Murphy failed to properly serve it. ECF No. 5-1, at 3-4. At this early stage, asserting improper service alone "constitute[s] a meritorious defense in considering whether to set aside an entry of default." *Kaul v. Fed'n of State Med. Bds.*, No. 19-CV-3050, 2021 WL 1209211, at *6 (D.D.C. Mar. 31, 2021) (internal quotation marks omitted); *see* Fed. R. Civ. P. 12(b)(5) (allowing a defendant to assert "insufficient service of process" as a valid defense).

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Georgetown University's Motion to Set Aside the Clerk's Entry of Default, ECF No. 5, is **GRANTED** and the Clerk's Entry of Default, ECF No. 4, is **SET ASIDE**. It is further **ORDERED** that, on or before October 13, 2026, Ms. Murphy shall cause process to be served on Georgetown University and Georgetown University Law Center (if Ms. Murphy contends the Law Center is a separate Defendant) and file

proof of service with the court or establish good cause for her failure to do so. Failure to comply will result in the dismissal of this case.

**SO ORDERED.**

LOREN L. ALIKHAN
United States District Judge

Date: August 11, 2026